UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE:<br>GARY KEITH WATTS<br>DONNA JEAN WATTS<br>    Debtors. | Chapter 7<br>Case No. 04-20915<br>Liquidation |
| SANDRA BROYLES<br>    Plaintiff, | |
| v. | A.P. No. 05-02019 |
| DONNA WATTS (formerly Donna Hill)<br>    Defendant, | |
| RITE AID CORPORATION,<br>    Employer. | |

### ORDER GRANTING DEFENDANT'S MOTION FOR RETURN OF WAGES DULY EXEMPTED FROM SUGGESTION

On the 5th day of April, 2006, a hearing was held upon the motion of the Defendant, Donna Jean Watts, for return of wages duly exempted from suggestion and objection thereto by the Plaintiff, Sandra Broyles. The Court took this matter under advisement and accepted for consideration the "Brief Memorandum of Law" filed by the Defendant, "Plaintiff's Supplemental Brief in Opposition to Debtor's Motion for Return of Wages," and "Defendant's Reply to the Plaintiff's Brief."

Following its review, the Court makes the following findings:

1. On January 23, 2006, in the Chapter 7 proceeding filed by Donna Jean Watts, the Court determined that a $40,000 obligation running from Ms. Watts to Sandra Broyles was nondischargeable.

2. The Court issued a suggestee execution upon the Defendant's employer, Rite Aid Corporation, on February 9, 2006.

3. According to paycheck stubs submitted by the Defendant, her paycheck on February 23, 2006, included gross pay of $560, deductions of $332.91, and net pay of $227.09.

4. In addition to deductions for federal and state taxes, insurance premiums, and contributions to a 401K plan, the Defendant's deductions on February 23, 2006, included a deposit to the Rite Aid Credit Union of $50 and a court levy of $98.61.

5. Successive pay stubs through March 30, 2006, reflect varying amounts of gross pay, net pay, and deductions; however, the Defendant's weekly contribution of $50 to her credit union account was consistent.

6. The Defendant's affidavit for exemptions filed on May 3, 2006, lists the Debtor's possession of a 1994 Chevrolet Corsica with an estimated fair market value of $500; 1992 Dodge Caravan with estimated FMV of $500; and 1988 Ford Bronco, encumbered by a lien in favor of Citi Financial, with estimated FMV of $0.

7. The affidavit for exemptions filed on May 26, 2006, lists a 1997 Dodge Caravan, encumbered by a lien in favor of Nationwide, with an estimated FMV of $200 and a 1988 Ford Bronco, encumbered by a lien in favor of Citi Financial, with an estimated FMV of $0.

8. A comparison of the affidavits reflects the Defendant's sale or other dispossession of the 1994 Chevrolet Corsica and 1992 Dodge Caravan as well as the acquisition of a 1997 Dodge Caravan with an estimated fair market value of $3,000 and upon which Nationwide holds a lien in the amount of $2,800.

9. The affidavits reflect an identical list of 'personal property' (household goods,

furniture, toys, animals, appliances, books and wearing apparel) which the Defendant values at $3605.

10. The affidavits show identical amounts as 'funds on deposit in an individual retirement account'; however, paycheck stubs reflect weekly contributions to a 401(k).

11. On both May 3, 2006 and May 26, 2006, the Defendant claimed funds on deposit in a checking account of $15.34; savings in the Rite Aid Credit Union of $5.68; gross pay of $560; and net pay of $325.70.

12. The paycheck stub which comes closest to the reported amount of gross and net pay is dated February 23, 2006, and reflects gross income in the amount of $560 and net pay in the amount of $227.09.

13. Although her affidavits show savings in the amount of $5.68, the paycheck stub dated March 30, 2006, reflects a total of $650 in the credit union account.

Based upon the aforesaid findings, the Court concludes as follows:

1. West Virginia Code § 38-8-1 governs the personal property an individual may set apart and hold as exempt from execution or other process.

2. Section 38-8-1(a) was amended effective June 11, 2004, and provides for the exemption of the following personal property in the stated amounts:

> "(1) Such individual's interest, not to exceed five thousand dollars in value, in one motor vehicle;
> (2) Such individual's interest, not to exceed eight thousand dollars in aggregate value, in household goods, furniture, toys, animals, appliances, books and wearing apparel that are held primarily for the personal, family or household use of such individual;
> (3) Such individual's aggregate interest, not to exceed three thousand

dollars, in any implements, professional books or tools of such individual's trade;

(4) Such individual's funds on deposit in a federally insured financial institution, wages or salary, not to exceed the greater of (i) one thousand dollars; or (ii) one hundred twenty-five percent of the amount of the annualized federal poverty level of such individual's household divided by the number of pay periods for such individual per year; and

(5) Funds on deposit in an individual retirement account (IRA), including a simplified employee pension (SEP), in the name of such individual . . ."

3. Section 38-8-1(b) was added effective June 11, 2004, and provides as follows:

"Notwithstanding the foregoing, in no case may an individual residing in this state or the dependent of such individual exempt from execution or other process more than fifteen thousand dollars in the aggregate in personal property listed in subdivisions (1), (2), (3), and (4), subsection (a) of this section."

4. Prior to the statute's amendment, West Virginia Code § 38-8-1 stated:

"Any husband, wife, parent or other head of a household residing in this State, or the infant children of deceased parents, may set apart and hold personal property not exceeding one thousand dollars in value to be exempt from execution or other process, except as hereinafter provided. Any mechanic, artisan or laborer residing in this State, whether he be a husband, wife, parent or other head of a household, or not, may hold the working tools of his trade or occupation to the value of fifty dollars exempt from forced sale or execution: Provided, that in no case shall the exemption allowed any one person exceed one thousand dollars."

5. The West Virginia Supreme Court of Appeals interpreted the previous statutory language as providing that a judgment debtor who successively claimed his accrued wages as part of his $1,000 personal exemption was not subject to having his personal exemption reduced by the prior amount of accrued wages so exempted. *Miller v. Barron*, 177 W.Va. 292, 352 S.E.2d 41 (1986).

6. The Supreme Court explained that the "purpose of the one thousand dollar personal exemption [was] to erect a barrier around one thousand dollars of the debtor's personal property which the creditor cannot seize through a possessory lien. This amount must be claimed whenever the possessory lien is served and, of course, if the debtor's affidavit shows that his personal property and wages exceed one thousand dollars to this extent they are subject to

4

seizure." 352 S.E.2d 41, 46.

7. The Plaintiff cites the aforesaid *Miller* finding but asserts that the Defendant has claimed more than one thousand dollars in personal property before consideration of wages and, therefore, the Defendant's wages are not exempt from the suggestee execution to any extent.

8. Further, the Plaintiff argues that the personal exemption statute at West Virginia Code § 38-8-1 has been totally revised since the *Miller* decision and that the amended statute would seem to render the holding in *Miller* to be inapposite.

9. It is true that the amended statute created categories of personal property, assigned specific exemption limits to each category, and provided an aggregate exemption of fifteen thousand dollars for personal property. However, the Plaintiff's argument that the statute provides for a maximum $1,000 exemption for funds and wages, not a $1,000 exemption recurring every week is not supported by the plain language of the amended statute or case law.

10. The *Miller* Court found that the personal exemption may be asserted as often as a creditor seeks to attach the debtor's personal property, but it can only shield one thousand dollars of personal property each time it is filed. "This situation is analogous to the problem of successive attachment of wages under statutes which enable the debtor/wage earner to exempt a specific dollar amount of his wages. In *Howard Coal Co. v. Savage*, 116 Me. 115, 100 A. 369 (1917), the statute exempted twenty dollars of wages due. The debtor made approximately ten dollars per week and the creditor levied successive attachments. Upon the third attachment, the creditor argued that the twenty dollar exemption had been exhausted by the exemptions claimed on the first two attachments. The court rejected this view and, quoting from *Hall v. Hartwell*, 142 Mass. 447, 448, 8 N.E. 333, 334-35 (1886), stated: 'It is more conformable to the obvious intention and policy of the statute to hold that $10 should be reserved at the time of each service. And such construction is in accordance with the spirit of the cases cited by the trustees.' 116 Me. at 119, 100 A. at 370." 352 S.E.2d 41, 45.

5

11. As noted, the Plaintiff argues that the Defendant's wages are not exempt from suggestee execution to any extent because she has claimed more than one thousand dollars in personal property before consideration of wages. For this proposition, the Plaintiff relies upon the Court's holding in *Miller* that the personal exemption can only shield one thousand dollars of personal property each time it is filed.

12. The Plaintiff ignores the amendment of West Virginia Code § 38-8-1 and its provision for an aggregate exemption of fifteen thousand dollars for personal property.

13. The Plaintiff argues that the Defendant's interpretation of § 38-8-1 would result in a vagarious outcome depending upon the frequency of a debtor's pay period and that such a result would be arbitrary, capricious, inequitable and contrary to the plain meaning of the exemption law.

14. The Plaintiff cites no authority for this argument and concurrently ignores the Supreme Court's emphasis upon the fact that "the personal exemption applies as to the value of the property owned at the time the exemption affidavit is filed *without regard to any exemptions claimed on prior occasions*." 352 S.E. 2d 41, 45-6. (Emphasis added.)

15. The Supreme Court explained that under the view espoused by the respondent magistrate in *Miller*, "the one thousand dollar personal exemption would be extinguished forever once the accumulated wage exemptions totaled one thousand dollars. Yet, it is clear, as we have previously explained, that W.Va. Code, 38-8-3, applies to personal property existing on the date the personal exemption affidavit is filed. Personal property, including wages, that has been previously claimed as exempt, but has been disposed of by the debtor, is not required to be listed. It is only personal property currently owned by the debtor on the date the personal exemption is filed that must be listed." 352 S.E. 2d 41, 46.

16. This Court does not accept the Plaintiff's analysis that West Virginia Code § 38-8-1 has been totally revised and renders inapposite the holding in *Miller*.

17. Although revised and refined to create five categories of exemptions, four of which include a limitation on the amount of the exemption, § 38-8-1 retains the earlier statute's reference to personal property and working tools of a trade or occupation as well as an aggregate limit on those exemptions.

18. If the decision in *Miller* were modified to insert fifteen thousand dollars for one thousand dollars, it is the opinion of this Court that the holding would remain the same.

19. The total of Defendant's exemptions in wages and cash do not exceed $1000 or one hundred twenty-five percent of the amount of the annualized federal poverty level for the period in question.

20. The Plaintiff has not demonstrated that the Legislature intended to amend the spirit of the exemption statute. It is more likely the Legislature recognized that economic realities, including inflation and the advent of individual retirement accounts, required a reconsideration of the allowed exemptions and their associated monetary limits.

21. The Plaintiff further asserts that the Defendant's request for relief should be denied because she has not met her obligation to file a true and accurate affidavit showing all personal property and estate owned or claimed by her pursuant to West Virginia Code § 38-8-3.

22. The Court notes that the affidavits completed by the Defendant on May 3, 2006 and May 26, 2006, include almost identical information.

23. The affidavits are inconsistent with paycheck stubs which reflect that the amount of Defendant's gross wages varied from week to week and that her credit union savings account increased by $50 each week.

24. The affidavits also show the same amount of money in Defendant's retirement account on

May 3, 2006 and May 26, 2006; however, paycheck stubs reflect that a contribution to Defendant's 401(k) is made weekly.

25. Although the Court finds that the Defendant should have prepared the exemption affidavits with greater care and accuracy, her imprecise reporting does not preclude the relief sought.

26. The Defendant shall continue to file exemption affidavits in a timely fashion and with greater attention to the accuracy of her reporting.

WHEREFORE, in consideration of the foregoing findings and conclusions, it is ORDERED that the Defendant's Motion for Return of Wages Duly Exempted from Suggestion is hereby GRANTED. It is further ORDERED that the Defendant shall continue to file exemption affidavits in the manner prescribed by law.

ENTERED: 8/17/06

*[signature]*

RONALD G. PEARSON